[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Family Magistrate. By a pleading filed with the court on August 19, 1997, the defendant moved for a determination by the magistrate that payments made by the defendant to the plaintiff should be determined to have been alimony and not support. The defendant has appealed from the magistrate's decision denying his motion.
By way of procedural background, judgment entered dissolving the parties' marriage on December 9, 1985. Custody of the parties' two minor children, Kristoff, born August 4, 1973, and Brian, born June 9, 1976, was awarded to the plaintiff subject to certain visitation rights in the defendant. The court ordered the defendant to pay child support to the plaintiff in the amount of seventy five ($75) dollars a week for each minor child. Therefore, by the terms of the judgment, alimony ceased on June 9, 1994.
While there were various post-judgment motions, the next activity of note in this matter took place on November 15, 1989 when the court, in granting the defendant's motion to modify alimony and child support, ordered him to pay twenty five ($25) dollars a week as child support for the one minor child living CT Page 12917 with the plaintiff, and fifty ($50) dollars a week in alimony. From a review of the file, it appears that this order was based on the defendant's affidavit dated November 15, 1989, then showing that his sole source of income was unemployment compensation.
Thereafter, the file reflects that on October 22, 1989, the defendant was found in arrearage in the amount of thirteen thousand, seven hundred twenty-five ($13,725) dollars by the family magistrate on account of existing orders in the marital dissolution file. The file reflects that Magistrate Steele ordered the defendant to continue paying twenty-five ($25) dollars a week as current support, fifteen ($15) dollars a week as alimony, and twenty-five ($25) dollars a week on the arrearage.[1]
The next activity of note is an order by the family magistrate, dated October 19, 1990, finding the defendant in arrearage in the amount of sixteen thousand, nine hundred fifty ($16,950) dollars. He was ordered to pay twenty-five ($25) dollars a week on this arrearage along with his continuing obligation to pay twenty-five ($25) dollars weekly support and fifty ($50) dollars a week in alimony. Subsequently, on October 10, 1990, the court modified its original custody order to grant custody of the parties' minor child, Kristoff, to the defendant.[2]
On November 9, 1990, the parties again appeared before the family magistrate. On this occasion, the parties agreed that the current order for support for Brian would be reduced to 0, subject to review by the court on August 9, 1991 when the older child, living with the defendant, would attain his majority. Also, the magistrate found that the parties had agreed to the existence of a "past due support arrearage" in the amount of seventeen thousand, six hundred twenty-five ($17,625) dollars, on which the defendant was ordered to make weekly payments of ten ($10) dollars. (Cf. Court file, order dated November 9, 1990) Additionally, pursuant to the agreement of the parties, alimony was reduced to one dollar ($1.00) a year. Following its August 9, 1991 review, the magistrate found the arrearage to be in the amount of fifteen thousand, five hundred seventy-eight ($15,578) dollars, and ordered the defendant to make weekly payments of twenty-five ($25) dollars on that amount. Subsequently, by order of October 8, 1991, the order of payments on the arrearage was reduced to ten ($10) dollars a week. Payment of this order was CT Page 12918 ultimately secured by a withholding order signed by the family magistrate on July 11, 1997. The next filing in this matter was the defendant's instant motion.
In this motion, the defendant claims that the plaintiff has treated all of the payments he has made to her since January 1, 1987 as support, and none of it as alimony, thus depriving him of the tax benefit's of paying alimony. The defendant appeals the magistrate's refusal to determine that he is entitled to the tax benefit of having paid alimony, and to apply that benefit toward the arrearage already found by the court. The defendant's motion is without legal or factual basis. The denial of his motion by the magistrate was not in error. As a matter of Federal tax law, where there is an aggregate arrearage arising from unpaid child support and alimony, but unspecified as to which part is alimony and which part support, the entire amount is treated as support until the full amount of the support order has been paid. Internal Revenue Code, Temporary Regulation 71 (c)(3). Additionally, as noted, the parties stipulated in November 9, 1990 there was an arrearage of seventeen thousand, six hundred twenty-five ($17,625) dollars on past due support. At the same time, alimony was reduced to one dollar ($1.00) a year. Therefore, no alimony arrearage has accrued since November, 1990. Therefore, there is no basis for a present determination that the arrearage is on account of past due alimony. The defendant has pointed to no factual or legal basis for any contrary conclusion. Accordingly, the appeal from the decision of the magistrate is dismissed.
Bishop, J.